UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LAMAR D. JORDAN,

    Plaintiff,

vs.

MORAINE POLICE DEPARTMENT,

    Defendant.

Case No. 3:25-cv-47

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) DISMISSING THIS CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE; AND (2) TERMINATING THIS CASE ON THE DOCKET**

---

This civil case is before the Court for *pro se* Plaintiff Lamar D. Jordan's failure to prosecute.[1] Plaintiff filed his complaint on February 19, 2025. Doc. No. 1. On March 13, 2025, the Court filed a Notice of Deficiency and Order requiring Plaintiff file an amended complaint because the original complaint did not include sufficient facts to plausibly allege wrongdoing. Doc. No. 4 at PageID 14. The Court then advised Plaintiff that if he did not timely respond to the Court's Order, this case could be dismissed due to his failure to prosecute. *Id.* at PageID 16. Plaintiff has not responded to the Court's March 13, 2025 Order.

**I.**

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (italics added); *see also Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua*

---

[1] As with all *pro se* litigants, Plaintiff's documents and allegations are liberally construed in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).

*sponte* a lawsuit for failure to prosecute" (citations omitted) (italics added)).

Plaintiff's failure to comply with the Court's March 13, 2025 Order warrants dismissal of this case. *See Link*, 370 U.S. at 630–31; *see also Carpenter*, 723 F.3d at 704. Plaintiff was given approximately one month to respond to the Court's Order. Doc. No. 4. Plaintiff has not yet responded. As made clear in the March 13, 2025 Order, Plaintiff's *pro se* complaint does not include sufficient facts to plausibly allege wrongdoing. *See* Doc. No. 4. In light of these circumstances, dismissal of this case is warranted. *See Link*, 370 U.S. at 630–31; *see also Carpenter*, 723 F.3d at 704; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (affirming case dismissal where *pro se* plaintiff failed to comply with "readily comprehended court deadlines of which he was well-aware").

## II.

Accordingly, the Court **DISMISSES THIS CASE WITH PREJUDICE** for failure to prosecute, and **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

April 15, 2025            s/*Michael J. Newman*
                                            Hon. Michael J. Newman
                                            United States District Judge